Nov. Term, 1859.

CORTNER
v.
AMICK.

---

CORTNER and Others *v.* AMICK, Administrator.

The Court of Common Pleas has jurisdiction to appoint, in a proper case, a commissioner to make a deed in discharge of a title bond.

The estate, or heirs of the deceased obligor, in such bond, should be taxed with the costs necessarily incident to the making of such deed; but if they be increased by improper resistance on the part of any of the necessary parties to the suit, such party may be taxed with such increase of costs.

APPEAL from the *Clark* Court of Common Pleas.

HANNA, J.—*Cortner*, in his lifetime, sold to one *Causey*

*Thursday, December* 15.

Nov. Term,
1859.

CORTNER
v.
AMICK.

a certain tract of land, and executed his title bond for a deed; the bond was assigned by *Causey* to one *Passwater*, who executed his own notes, instead of those of *Causey*, to the administrator of *Cortner*.

The administrator brought this suit, making the heirs of *Cortner* defendants, alleging that they had failed to make a deed to *Passwater*, and that he, *Passwater*, was willing to pay the purchase-money upon the execution to him of a good title. One *Pangburn* was also made a defendant, on the ground that he fraudulently claimed some interest in said lands. *Passwater* was made a defendant, and a judgment prayed against him for the unpaid purchase-money.

The heirs of *Cortner* made no defense, but were defaulted.

*Pangburn* answered—

1. In denial.

2. Setting up title in himself to a portion of said lands by a deed executed by *Cortner* in his lifetime.

To the second paragraph of the answer, *Amick* replied:

1. In denial.

2. That said *Pangburn* had full notice at the time said land was conveyed to him, that *Causey* was in possession, and of his rights, &c., and afterwards represented to *Passwater*, before he purchased, that he, *Pangburn*, had no claim to any part of said lands.

3. That the deed of *Pangburn* was procured from *Cortner* by fraud, &c., setting out the act, &c.

*Passwater* filed an answer of five paragraphs. To the second, fourth, and fifth, demurrers were sustained and no exceptions taken, and, consequently, we cannot notice the points made on that ruling. The first was a general denial. The third avers that *Cortner*, at the time of his death, was not the owner of said land, nor are his heirs, &c.

Reply in denial to third paragraph.

Jury trial; verdict for the plaintiff, finding in his favor specially upon all the issues.

No notice is taken, in the judgment, of the issues found against *Pangburn*.

A conditional judgment was rendered appointing a commissioner to execute a deed of the interest of the heirs of *Cortner* to *Passwater*, if he, *Passwater*, should, in thirty days, pay into the clerk's office the amount of the purchase-money found due, &c., and if he did not, execution was directed to issue and said land to be sold, and the proceeds applied to the payment of said sum so found due; the balance, if any, to be paid to said *Passwater;* but if, upon said sale, enough was not realized to pay said judgment, the balance to be levied of any property of said *Passwater.*

Upon this, the first point made in the brief of counsel, is, that the Common Pleas Court had no jurisdiction, because the title to real estate was in issue. 2 R. S. p. 17 expressly confers jurisdiction, concurrently with the Circuit Court, upon the Common Pleas Court in applications for the appointment of a commissioner to make a deed on a title bond. Then, for that purpose, and as to all necessary parties to make a complete decree in that respect, the Court had jurisdiction.

But it is said that *Pangburn* was not a necessary party to that proceeding, and, therefore, the Court had no jurisdiction to determine as to the validity of his title. Without deciding that question, it is manifest that there is nothing in this record of which he can complain. There was no judgment against him from which he could appeal. The verdict of a jury, without a judgment, will not, under the circumstances, conclude his rights, if he has any.

The evidence is not in the record; and no exceptions having been taken to the rulings on demurrers; the question relied on by *Passwater*, namely, that no deed was tendered to him before suit brought, is not before us in any form to enable us to pass upon it.

It appears by a bill of exceptions, that after the evidence was closed, and as the Court commenced instructing the jury, the defendants requested that the instructions should be in writing. The Court refused, for the reason that the request was not made in time. There was no error in this. *McJunkins* v. *The State*, 10 Ind. R. 140.

The last point made is, in relation to the costs. The Court gave judgment against *Passwater* for the whole of the costs. Under the circumstances, we think this was wrong. The estate, or heirs, of *Cortner* should be held liable for the costs which were necessarily incurred to procure the appointment of a commissioner and make a deed, &c. *Passwater* should be held for any part of the costs made by his resistance to the payment of the money.

*Per Curiam.*—The judgment is affirmed, except as to costs; the Court below is directed to modify it in accordance with this opinion, in regard to said costs. Costs in this Court to be paid by the administrator of the goods, &c., in his hands, &c.

*J. S. Buchanan*, for the appellants.

*J. D. Ferguson*, for the appellee.